MINER *v.* FIDELITY & CASUALTY CO.

DAMAGES—MEASURE OF DAMAGES—VENDOR AND PURCHASER—WASTE
—PRINCIPAL AND SURETY.

> Measure of damages in action by vendor against surety on bond
> with condition that obligor, vendee wrecking stock barn on
> premises purchased under an executory land contract, would
> erect a barn of equal value is not that of difference in value
> between barn wrecked and four-car garage erected but rather
> value of barn less value of materials left on premises, where
> vendor had repossessed premises before commencement of ac-
> tion.

Appeal from Oakland; Gillespie (Glenn C.), J. Submitted October 3, 1933. (Docket No. 10, Calendar No. 37,288.) Decided December 5, 1933.

Action by Alexander Miner against Fidelity & Casualty Company of New York on a surety bond. Judgment for plaintiff. Defendant appeals. Affirmed.

*Clement E. Miner,* for plaintiff.

*Bishop & Weaver,* for defendant.

BUTZEL, J. In 1927, Alexander Miner sold an Oakland county farm to A. E. Carle on executory contract. Two years later, Carle tore down a barn on the farm, protecting Miner's interest by giving a bond in the sum of $2,000 in which the Fidelity & Casualty Company of New York is named as surety. Under the terms of this bond, Carle was obliged to erect a barn in the rear of the farm residence, equal in value to the barn about to be demolished. The new barn was to be free from all claims and liens of

subcontractors, laborers and materialmen, and was to be completed within a year. Carle failed to erect a new barn, but instead he constructed a four-stall garage in the rear of the residence. Prior to the commencement of this action, Miner was forced to repossess the farm and the instant suit was brought against the Fidelity & Casualty Company of New York as surety on the bond.

Questions of fact are almost the sole issues in the case. The farm had been used for dairy purposes and the barn was a large building well equipped. It contained stalls for 18 cows and 7 horses. It was equipped with stanchions and swinging mangers and a hay track on which a car was operated. A portion of the floor was cemented. It was shown that Carle sold the stanchions and stalls to a third party when the barn was demolished.

The testimony indicates that the garage erected in the rear of the residence was of very little benefit to the farm and was not a fitting substitute for the barn. The testimony is conflicting as to the value of the building which was demolished. One witness estimated its worth at $4,000; another witness testified that the barn was at least 60 years old and almost a wreck, and that the materials in it were worth about $200. The new garage was built largely out of materials from the old barn. The trial judge, who heard the case and saw the witnesses, gave judgment for $1,750. In doing so, he stated:

"The only thing I can do is to fix the value of the barn; I am going to fix that value at $1,750. It is apparent that the material which was taken out of the barn, some of it at least, went into the garage. I think defendant is entitled to credit for that.

"I will fix the damage of the plaintiff at $1,750 and enter a judgment in his favor for that amount, with costs to be taxed."

Defendant contends that the trial court erred in failing to reduce the damages by crediting it with the value of the garage erected on the premises. They claim that the rule of damages applicable to this situation entitled the plaintiff only to the difference between the value of the building actually tendered and the reasonable value of that which was to be built. This principle might be applicable if there were substantial compliance in good faith with the conditions set forth in the bond. Instead of the structure called for, however, Carle knowingly erected a building of an entirely different type, one which will be of little benefit to the plaintiff. It was not a case of defective construction, but rather of an entire absence of good faith in attempting to meet the conditions set forth in the bond. The judgment was justified by the testimony and is affirmed, with costs to plaintiff.

McDonald, C. J., and Weadock, Potter, Sharpe, North, Fead, and Wiest, JJ., concurred.